J-S47001-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL MATTHEW NELSON | : | |
| | : | |
| Appellant | : | No. 891 WDA 2017 |

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000529-2012

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                       FILED OCTOBER 11, 2018

Appellant, Darryl Matthew Nelson, appeals pro se from the order entered on May 17, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order dismissing Appellant's petition, affirm Appellant's convictions, and vacate Appellant's judgment of sentence and remand for resentencing.

The PCRA court summarized the historical facts and procedural history in this case as follows:

> On December 12, 2011, agents from the Attorney General's Office in conjunction with Detectives from [the] Monroeville Police Department were conducting surveillance of potential drug activity near the Days Inn Motel when they noticed what they believed to be a drug transaction occurring at [that location].  The police made a stop of a motor vehicle after [observing] what they

_____
* Retired Senior Judge assigned to the Superior Court.

believed to be a drug transaction and found the individuals in that motor vehicle were in [] possession of stamp bags of heroin and a syringe[, which they appeared to be using] to inject the heroin. As a result of this stop, the police then began to focus on two particular rooms at the Days Inn, those being Rooms 319 and 329.

During approximately a [one and one-half hour] period, the police observed what appeared to be seven different drug transactions, which occurred after an individual left Room 319, walked to the stairwell, [and] walked down several steps to meet an individual or individuals. In less than a minute, the individuals would depart and the individual who left Room 319 would return to that room. The police also saw an individual leave Room 329[, briefly enter Room 319, then leave Room 319 and go] down to another stairwell to meet another individual.

Based upon their belief that ongoing drug transactions were occurring, the police obtained passkeys for both Rooms 319 and 329, and the police initially approached Room 319, knocked on the door, and announced themselves as police officers. While at the door, they noticed a strong odor of marijuana emanating from Room 319. Receiving no answer from the occupants of that room, the police used the motel passkey to enter that room. The police found four individuals in that room, including [Appellant]. One of the other four occupants, Gerald Lee, had rented the room and he signed [a] consent to search form. As a result of that search, police found four hundred seven stamp bags of suspected heroin, which were in plain view in the room. They also found a [45 caliber] semi-automatic handgun under the bed and a loose [45] caliber shell behind the bed.

On April 8, 2013, [Appellant] was found guilty of one count of possession with intent to deliver a controlled substance [(PWID)], one count of possession of a controlled substance, and one count of criminal conspiracy to possess a controlled substance. A presentence report was ordered, and, on July 10, 2013, [Appellant] was sentenced to a period of incarceration of not less than three nor more than six years, to be followed by a period of probation of five years for his conviction of [PWID] and a consecutive sentence of two to four years for his conviction of criminal conspiracy to possess a controlled substance. [Appellant] was RRRI eligible, and accordingly, received two RRRI sentences.

Following his conviction, [Appellant] filed a timely appeal to [this Court. On November 19, 2015, we affirmed Appellant's judgment of sentence, rejecting the sufficiency and suppression claims raised on appeal. Appellant thereafter filed a petition for allowance of appeal to the Pennsylvania Supreme Court on or about December 17, 2015, which the Supreme Court denied on March 23, 2016].

On or about May 9, 2016, [Appellant filed a timely pro se petition for collateral relief. In his petition, Appellant asserted a litany of errors, many of which were raised and rejected on direct appeal. Appellant specifically alleged that he received a sentence greater than the lawful maximum. Appellant's petition also contained a request that counsel be appointed to represent him in litigating his PCRA petition. Pursuant to Appellant's request for court-appointed counsel, the PCRA court appointed Patrick K. Nightingale, Esquire (hereinafter referred to as "PCRA Counsel") to represent Appellant].

On February 8, 2017, PCRA [counsel filed a petition to withdraw as counsel pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc) (hereinafter referred to as "Turner/Finley letter"). In his Turner/Finley letter, PCRA counsel requested permission to withdraw because, he concluded, the claims raised in Appellant's petition were without merit. Specifically, counsel averred that the denial of Appellant's motion to suppress and his sufficiency arguments were previously litigated. In addition, PCRA Counsel determined that any argument that Alleyne v. United States, 570 U.S. 99 (2013) should be applied retroactively to Appellant's claims was meritless. Lastly, PCRA counsel concluded that Appellant's ineffective assistance of counsel claim, premised upon trial counsel's failure to seek severance of Appellant's case, was without merit].

After reviewing [Appellant's PCRA petition and court-appointed counsel's Turner/Finley letter, the PCRA court issued an order granting PCRA counsel's motion to withdraw on February 8, 2017. The PCRA court's order also included a notice of intention to dismiss pursuant to Pa.R.Crim.P. 907, advising Appellant that the court intended to dismiss his PCRA petition without a hearing for the reasons set forth in PCRA counsel's Turner/Finley letter. The order also advised Appellant of his rights to obtain privately

retained counsel in order to pursue his PCRA petition, proceed without counsel, or withdraw his PCRA petition with prejudice. Lastly, the court's order advised Appellant that he must file a notice with the court within thirty (30) days of the date of the order, explaining how he intended to proceed.[]  Appellant was also advised that failure to file this notice within thirty (30) days would result in the court entering a final order dismissing his PCRA petition].

On or about March 13, 2017, [Appellant filed a handwritten petition, in which he opposed dismissal of his PCRA petition (hereafter referred to as "petition in opposition").  In his petition in opposition, Appellant raised claims identical to those asserted in his direct appeal.  While the petition in opposition indicated that the issues raised therein had not been previously litigated, they were the same sufficiency challenges that were previously asserted and rejected by this Court on direct appeal].

On or about May 17, 2017, th[e PCRA court issued a final order dismissing Appellant's PCRA petition without a hearing.  The court's final order advised Appellant of his right to file an appeal within thirty (30) days.  Appellant filed the instant appeal on June 1, 2017, and the PCRA court issued an order directing Appellant to file his Rule 1925(b) statement no later than August 8, 2017.  Appellant thereafter timely filed his 1925(b) statement.  The PCRA court issued its Rule 1925(a) opinion on June 22, 2018].

PCRA Court Opinion, 6/22/18, at 2-7 (footnotes omitted).

Appellant's pro se brief raises the following questions for our review:

Did [the] trial court err in denying [Appellant's] motion to suppress evidence that was the product of a forcible entry without a warrant, which was not justified under any recognized exception to the warrant requirement?

Was the evidence sufficient to support [Appellant's] convictions for possession of a controlled substance with intent to deliver and conspiracy where the Commonwealth merely established that [Appellant] was present in a hotel room where drugs were found?

Whether or not [Appellant] was improperly convicted of both [PWID] and conspiracy to commit PWID?

Whether or not the affidavit of complaint was void for being conclusory and failing to set forth the facts that [Appellant] committed an offense?

Whether or not trial counsel was ineffective for failing to file [a] motion for severance [as requested by Appellant]?

Whether or not PCRA Court erred in permitting counsel to withdraw?

Appellant's Brief at 4.

Appellant's first two claims respectively assert that the trial court erred in denying his motion to suppress and that the evidence was insufficient to support his convictions. Appellant litigated both of these claims on direct appeal and neither contention presents a cognizable theory under the PCRA. Hence, no relief is due on these issues. See 42 Pa.C.S.A. § 9543(a)(3) (eligibility for relief requires petitioner to plead and prove that allegation of error has not been previously litigated) and (a)(2) (listing grounds for collateral relief under the PCRA).

We read Appellant's third claim as asserting that his convictions for PWID and conspiracy to commit PWID should have merged for sentencing purposes. Viewed as such, no relief is due.

Whether convictions merge for sentencing purposes is a question implicating the legality of a sentence. Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009). Consequently, our standard of review is de novo and the scope of our review is plenary. Id. Challenges to the legality of a sentence present cognizable claims under the PCRA. See 42 Pa.C.S.A.

§ 9543(a)(2)(vii) (petitioner eligible for relief if conviction or sentence resulted from imposition of sentence greater than the lawful maximum).

Merger of sentences is governed by 42 Pa.C.S.A. § 9765. Section 9765 provides:

§ 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

"To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." Commonwealth v. Bricker, 882 A.2d 1008, 1015 (Pa. Super. 2005). "To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." Commonwealth v. McCall, 911 A.2d 992, 996-997 (Pa. Super. 2006). As these definitions make clear, PWID does not require proof of an agreement with another person to commit PWID and conspiracy to commit PWID does not require proof that a person possessed a controlled substance with the intent to deliver it. Appellant is not entitled to relief since § 9765 precludes merger of PWID and conspiracy to commit PWID.

See Commonwealth v. Causey, 833 A.2d 165, 177 (Pa. Super. 2003) ("it is well established that the completed crime and the conspiracy to complete the crime are separate and distinct offenses and do not merge for sentencing purposes"), appeal denied, 848 A.2d 927 (Pa. 2004).

In his next claim, Appellant appears to assert that the criminal complaint and affidavit of probable cause filed against him were void because they were vaguely worded and lacked a notary's seal. This claim could have been raised on direct appeal but was not. Hence, it is waived. See 42 Pa.C.S.A. § 9544(b).

Appellant's fifth claim contends that trial counsel was ineffective in failing to seek severance of his charges from those of his co-defendants. On this issue, Appellant's brief does not cite pertinent case law or incorporate a discussion of the factors that would make severance of Appellant's charges a viable strategy. As such, Appellant's fifth claim is subject to dismissal as underdeveloped. See Pa.R.A.P. 2119(a) and Pa.R.A.P. 2101.

Even if we were to reach the merits of this claim, we would conclude that Appellant is not entitled to relief. In order to prevail on a claim of ineffective assistance of counsel, a PCRA petition must plead and prove: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Commonwealth

v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. Commonwealth v. Daniels, 947 A.2d 795, 798 (Pa. Super. 2008). Finally, counsel is presumed to be effective, and the petitioner has the burden of proving otherwise. Commonwealth v. Pond, 846 A.2d 699, 708 (Pa. Super. 2003).

Under Pa.R.Crim.P. 583(2), "[d]efendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Pa.R.Crim.P. 583(2). Under Pa.R.Crim.P. 583, "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

The evidence recovered in this case was clearly admissible against all of the co-defendants since the heroin was seized from several common and readily available locations throughout the hotel room. Appellant's defense that he was merely present in the room and not part of the narcotics distribution conspiracy did not warrant severance. Counsel was not ineffective for failing to advance such a meritless claim.

Appellant's final claim asserts that the court erred in granting PCRA counsel leave to withdraw. After careful review of the certified record, we are constrained to agree that Appellant's petition raised a viable claim under

Alleyne, notwithstanding the contrary determinations reached by PCRA counsel and the PCRA court. As our disposition of this issue turns on a precise understanding of the procedural history of this case, we recite the relevant facts below.

After a bench trial, the court found Appellant guilty on April 8, 2013. On April 19, 2013, the Commonwealth filed notice of its intent to seek the mandatory minimum penalties under 42 Pa.C.S.A. § 9712.1 (five-year mandatory minimum for presence of a firearm in close proximity to controlled substance) and 18 Pa.C.S.A. § 7508 (three-year mandatory minimum for more than five grams of heroin attributable to each defendant). On July 10, 2013, the court sentenced Appellant to an aggregate period of incarceration of five to 10 years' incarceration followed by five years' probation. Thereafter, Appellant filed a timely notice of appeal on August 9, 2013. This Court affirmed Appellant's judgment of sentence on November 19, 2015. It is abundantly clear from this timeline that Appellant's case was pending on direct appeal after the United States Supreme Court issued its June 17, 2013 decision in Alleyne. In fact, Alleyne was decided before the trial court sentenced Appellant.

On or about May 9, 2016, Appellant filed a timely pro se PCRA petition form in which he checked the box next to the contention stating that he was serving a sentence that exceeded the lawful maximum. Subsequently, PCRA counsel raised the Alleyne issue in his Turner/Finley letter in which he

wrongly concluded that Alleyne had no application in this case. The PCRA court concurred in this erroneous assessment and, after finding no other issues of merit, granted counsel's petition to withdraw and dismissed Appellant's petition. See PCRA Court Opinion, 6/22/18, at 11-14. These circumstances support our conclusion that Appellant preserved appellate review of an Alleyne claim by raising and presenting the issue before the PCRA court. See Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa. Super. 2011) (illegal sentencing claim raised in PCRA petition and presented before PCRA court is preserved for appellate review), appeal denied, 30 A.3d 487 (Pa. 2011).

This Court has held that Alleyne may be applied in cases that were pending on direct review when the United States Supreme Court issued its decision. See Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc), appeal denied, 121 A.3d 496 (Pa. 2015). Our decision in Newman specifically held that the mandatory minimum sentencing scheme at 42 Pa.C.S.A. § 9712.1 was unconstitutional. Also, in Commonwealth v. DiMatteo, 177 A.3d 182, 191-193 (Pa. 2018), our Supreme Court held that the mandatory minimum sentences found in 18 Pa.C.S.A. § 7508 were unconstitutional in light of Alleyne. In addition, the DiMatteo Court made clear that PCRA petitioners serving an illegal sentence under Alleyne are not barred from obtaining relief through a timely postconviction petition so long

as their judgments of sentence were not final when the decision in Alleyne was announced. Id. That is precisely the case here.

Since Appellant possesses a viable challenge to his sentence under Alleyne, we are compelled to grant relief. Hence, we affirm Appellant's convictions, vacate his judgment of sentence, and remand for resentencing after new PCRA counsel is appointed.

Order dismissing petition vacated. Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018